UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01464-SEB-DML |
| | ) | |
| MATTHEW FRANKLIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Robert Stone alleges that the defendant correctional officers retaliated against him on October 30, 2017, by walking him through Pendleton Correctional Facility without clothing. Defendants have filed a motion for summary judgment, dkt. [105], arguing that Mr. Stone's claims are barred by the statute of limitations. He argues in response that a drug addiction and treatment for it prevented him from bringing suit between July 2019 and May 2020. But because Indiana law does not toll the statute for disabilities that arise after a cause of action accrues, the defendants' motion is **GRANTED.**

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

Defendants walked Mr. Stone through Pendleton Correctional Facility without clothing on October 30, 2017, in retaliation for successfully pursuing a federal habeas petition in connection with a prison disciplinary conviction. Dkt. 53. By April of 2018, Mr. Stone had completed the prison grievance process and filed a state tort claim notice, but he did not file his initial complaint until May 20, 2020. Dkt. 105-5; dkt. 105-6; dkt. 1. This is because he fell victim to addiction to synthetic marijuana in June of 2019 and entered treatment in September of 2019.[1] Stone Affidavit, dkt. 107-1. He filed his complaint after he regained the ability to work on complex tasks, well into his drug treatment program. *Id.*

### III.
### Discussion

In §1983 cases, "federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). "In Indiana, such claims must be brought within two years." *Id.* (citing Ind. Code § 34-11-2-4). In addition, Indiana's tolling rules apply and "Indiana law treats disability as a reason for tolling the statute of limitations." *Richards v. Mitcheff*, 549 Fed.Appx. 572 (7th Cir. 2014) ("federal law under 42 U.S.C. § 1988 absorbs both the period of limitations from state law and the corresponding tolling rules.").

Indiana Code § 34–11–6–1 provides that: "A person who is *under legal disabilities when the cause of action accrues* may bring the action within two (2) years after the disability is removed." (emphasis added). However, a disability that arises after the action's accrual will not "cease, arrest, or interrupt the running of the statute." *Fager v. Hundt*, 610 N.E.3d 246, 250 n. 2

---

[1] During his deposition, Mr. Stone testified that he entered treatment for his drug addiction around September of 2020, or a "little bit before" then. Stone Deposition, dkt. 105-8 at 20. But other filings he submitted state that he entered treatment in September of 2019. Dkt. 24; dkt. 107-1. The Court adopts the earlier date because it is most favorable to Mr. Stone, the non-movant.

(Ind.1993) (citations omitted). Because Mr. Stone concedes that his disability arose well after October 30, 2017, he is not entitled to tolling of the statute of limitations. This lawsuit, filed more than two years after his cause of action accrued, therefore, is untimely.

## IV.
## Conclusion

Defendants' motion for summary judgment, dkt. [105], is **GRANTED**. Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED.**

Date: 10/21/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Myra Renet Reid
ANDERSON AGOSTINO & KELLER P.C.
reid@aaklaw.com

Julie Tront
Office of Indiana Attorney General
julie.tront@atg.in.gov